RECEIVED
SEP - 8 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MEDCO ENERGI US, L.L.C. | CIVIL ACTION NO. 09-0971 |
| VERSUS | JUDGE DOHERTY |
| SEA ROBIN PIPELINE CO., L.L.C. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is the Motion for Summary Judgment filed by defendant Sea Robin Pipeline Co., L.L.C. ("Sea Robin") [Doc. 52]. The motion is opposed by plaintiff Medco Energi US, L.L.C. ("Medco") [Doc. 55]. For the following reasons, the motion is denied for failure of any party to carry their burden on a motion for summary judgment.

In its motion for summary judgment, Sea Robin argues it transports natural gas produced by companies such as Medco via Sea Robin's pipeline from points on the outer continental shelf to transportation facilities onshore. The gas is then transported throughout the United States. Sea Robin argues it sustained losses in excess of $118,000,000.00 as a result of damage to its facilities during Hurricane Ike, which crossed the Gulf of Mexico in mid-September 2008. Facilities owned by Sea Robin in the "West Leg" are the focus of the instant litigation. Sea Robin acknowledges all producers on the West Leg, including Medco, were shut in while Sea Robin repaired its pipeline damage.

On May 19, 2009, Medco filed suit against Sea Robin in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. In its petition, Medco asserts claims against Sea Robin for negligence, detrimental reliance, negligent misrepresentation, fraud, and violations of Louisiana's

Unfair Trade Practices Act ("LUTPA"), La. Rev. Stat. §51:1401, *et seq.*[1] Despite pleading several different theories of liability, Medco seeks virtually identical damages under each theory, *i.e.*, for damages related to its inability to "market its production;" to "get its production to market in a timely manner;" and a reduction in the "marketable value" of its properties. Medco also seeks exemplary damages under LUTPA. In essence, Medco asserts Sea Robin owes lost revenue and/or business interruption damages due to the damage sustained to Sea Robin's pipeline.

Sea Robin removed the case to this Court on June 12, 2009, invoking both this Court's diversity jurisdiction and jurisdiction under 43 U.S.C. §1349(b)(1) and 28 U.S.C. §1331, arguing the claims asserted by Medco assert "a case or controversy arising out of, or in connection with, an operation on the Outer Continental Shelf which involves exploration, development or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves right to such minerals......" 43 U.S.C. §1349(b)(1).

In the instant motion, Sea Robin argues *all* of Medco's claims fail as a matter of law and, therefore, should be dismissed. Specifically, Sea Robin argues the Federal Energy Regulatory Commission ("FERC") regulates Sea Robin's transportation of natural gas, and at all times, Sea Robin had an effective FERC Gas Tariff, which established the terms and conditions of its service to Medco. Sea Robin argues the terms and conditions of this Gas Tariff have the effect of law as to producers using Sea Robin's pipeline and, further, are specifically incorporated into the service agreement between Medco and Sea Robin. Furthermore, Sea Robin argues Medco executed an ITS Service Agreement with Sea Robin, which provides the terms and conditions for interruptible service on Sea Robin's system.

---

[1] Sea Robin points out Medco does not assert a claim for breach of contract or a claim for failure of Sea Robin to comply with the terms and conditions of the Gas Tariff.

2

In reviewing Sea Robin's motion, however, this Court notes Sea Robin has not identified for this Court what law governs each specific claim asserted by Medco against Sea Robin. Worse still, throughout its briefing, Sea Robin intertwines federal regulatory law with state law, district court cases, and the jurisprudence of other circuits in arguing all of Medco's claims – again, without specifying what law applies to each specific claim – should be dismissed. As an example, Sea Robin starts out by including a section entitled "Federal Regulation of Conduct," wherein Sea Robin argues the application of federal regulations to the "business of transporting and selling natural gas for ultimate distribution to the public." Sea Robin then addresses two disclaimers contained within the Gas Tariff itself, which Sea Robin argues " *preclud[e] recovery* by Medco," without identifying which claims the Tariff purports to govern.[2] Then, within the section entitled "Federal Regulation of Conduct," Sea Robin includes a subsection entitled "Filed Rate Doctrine." In arguing the "Filed Rate Doctrine" "bars *Medco's claims* against Sea Robin," Sea Robin cites to an opinion of the Texas Supreme Court, as well as Ninth Circuit cases and several United States Supreme Court cases. Also within the subsection entitled "Filed Rate Doctrine," Sea Robin argues Medco cannot show the existence of a *duty* owed by Sea Robin which encompasses damages it seeks in this case, apparently referencing the negligence claim alleged by Medco. However, the placement of this argument within the section addressing "Filed Rate Doctrine" – which Medco appears to have already argued is governed by federal regulatory law – creates a sufficient lack of clarity that this Court cannot resolve the instant motion.

Later in the motion, apparently in an attempt to hedge its bets, Sea Robin includes a section entitled "State Law Basis for Summary Judgment," in which Sea Robin argues, " *[t]o the extent*

---

[2] Included within this section are citations to cases from the District of Columbia, with no citations to Fifth Circuit jurisprudence.

*Louisiana law applies in this case, <u>Medco's claims</u> should be dismissed."*³ Sea Robin then engages in alternate arguments, arguing application of the Louisiana economic loss rule (to which Sea Robin gives relatively short shrift), to a three-paragraph argument seeking dismissal on Medco's LUTPA.

For its part, Medco's opposition brief does not clarify the issue of what law applies to which claims. In the entirety of its brief, Medco cites to only a handful of cases, none of which provide a legal framework under which this Court is to adjudicate the pending motion, and, specifically, *the determination as to whether each claim asserted by Medco against Sea Robin should be dismissed on summary judgment.* Medco also attempts to incorporate arguments made in a previously filed opposition brief in connection with a motion that has been denied by this Court, complicating this Court's task in attempting to resolve the motion.

Considering the foregoing, and further considering the lack of clarity regarding the interplay between federal regulatory rules, federal law under the OCSLA, and state law "to the extent it applies," it is ORDERED that the Motion for Summary Judgment filed by defendant Sea Robin Pipeline Co., L.L.C. ("Sea Robin") [Doc. 52] is DENIED for failure of the moving party to carry its burden.

The current trial date in this matter is November 7, 2011. It being clear that the instant case is not in a proper posture for trial, as the parties have not identified for this Court what law applies to the specific claims alleged by Medco against Sea Robin, it is ORDERED that the November 7, 2011 trial date is UPSET. The parties shall jointly contact this Court within ten (10) days of the date of this Order for the purpose of scheduling a telephone status conference to discuss the status of this

---

³ At this point in its briefing, Sea Robin drops a footnote and argues "Louisiana law arguably applies because OCSLA adopts the laws of the adjacent state as surrogate federal law to the extent they are not inconsistent with OCSLA or other Federal laws and regulations."

4

case and to reset the matter for trial.

In the meantime, it is ORDERED that, within twenty-one (21) days, plaintiff shall file an outline of all claims pending in this lawsuit in accordance with the Outline Requirements attached to the Memorandum Ruling as Attachment "A." Defendants are to respond in accordance with the instructions contained in the Outline Requirements attached to the Memorandum Ruling as Attachment "A" within ten days thereafter.

THUS DONE AND SIGNED in Lafayette, Louisiana this ___8___ day of September, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE