UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MEDCO ENERGI US LLC                    CIVIL ACTION NO. 6:09-cv-0971

VERSUS                                 JUDGE DOHERTY

SEA ROBIN PIPELINE COMPANY             MAGISTRATE JUDGE HANNA
LLC

## <u>MEMORANDUM  RULING</u>

Currently pending before this Court is the motion for attorneys' fees (Rec. Doc. 102), which was filed by the defendant, Sea Robin Pipeline Company, LLC.  The motion is opposed.  Oral argument was held on September 25, 2012.  At that time, the undersigned deferred ruling on the motion and ordered the parties to brief two preliminary issues:  whether the court has jurisdiction over the motion and, if so, whether the motion is premature.  (Rec. Doc. 115).  The parties complied.  (Rec. Docs. 119, 120).  For the reasons explained below, the motion is denied.

Also pending is Sea Robin's motion seeking a protective order so that documentation of the attorneys' fees it seeks to recover may be submitted *in camera* and under seal and also seeking an extension of time to file its documentation.  (Rec. Doc. 103).  Because Sea Robin's motion for attorneys' fees is denied, it is

unnecessary for Sea Robin to document its attorneys' fees, and the motion for protective order and for extension of time is denied as moot.

### BACKGROUND FACTS

In September 2008, Hurricane Ike damaged Sea Robin's pipeline in the Gulf of Mexico.  At that time, Medco owned and operated natural gas producing platforms at East Cameron Blocks 317 and 318B.  In January 2009, Medco also purchased some natural gas production from a company operating wells located in East Cameron Block 316.  The only way to transport the production from these platforms to onshore markets was through Sea Robin's damaged pipeline.   In its complaint, Medco contends that Sea Robin misled Medco about the nature of the damage to the pipeline and the likely date that the pipeline would be placed back in operation following the hurricane, resulting in Medco sustaining significant damages because it was unable to market the gas.  Medco asserted a variety of state law claims against Sea Robin: negligence, detrimental reliance, negligent misrepresentation, fraud, and unfair trade practices under LUTPA.

On June 14, 2012, the district court issued a memorandum ruling (Rec. Doc. 96), granting Sea Robin's motion for summary judgment based on federal preemption and the Filed Rate Doctrine and denying as moot Sea Robin's motion for summary

judgment on state-law grounds.  Final judgment dismissing all of Medco's claims with prejudice was signed on June 29, 2012. (Rec. Doc. 101).  Those rulings are now being appealed.  (Rec. Doc. 106).

In the instant motion, Sea Robin seeks to recover attorneys' fees in the amount of $248,446 under Fed.R.Civ.P. 54(d), claiming that the attorneys' fees were incurred in defending itself against Medco's claims in the underlying litigation.

## LAW AND ANALYSIS

All of Medco's claims were dismissed with prejudice before the instant motion was filed, and the judgment dismissing Medco's claims was appealed before the instant motion was heard, creating an issue as to whether the court retained jurisdiction over the pending motion and, if so, whether the motion is premature.

## A.   JURISDICTION

Since federal courts are courts of limited jurisdiction, it is necessary to address, *sua sponte* and as a threshold matter, whether the district court retains jurisdiction to consider the pending motion for attorneys' fees in light of the dismissal of Medco's claims and the plaintiff's appeal of the judgment that resolved the case on the merits.

Sea Robin argues that its attorneys' fee claim is a collateral claim, over which this Court retains jurisdiction despite the earlier judgment and despite the appeal of that judgment.  "As a general rule the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals with respect to all matters involved in the appeal."[1]  One well-recognized exception to that rule "is that even though the judgment on the merits has been properly appealed and is pending in the courts of appeal, the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions.  The basis for this exception is that attorney's fees/sanctions are matters collateral to the merits of the action."[2]  Therefore, the district court would retain jurisdiction if Sea Robin's claim for attorneys' fees can validly be classified as a collateral claim.

Medco argues, however, that Sea Robin's claim is not a collateral claim that can be decided now despite the earlier judgment but is, instead, a separate contractual claim that should have been raised in the main litigation and resolved on the merits. Medco draws a distinction between a contract in which the parties agree that attorneys' fees will be paid by the losing party – which would support Sea Robin's

[1]      *Thomas v. Capital Sec. Services, Inc.*, 812 F.2d 984, 987 (5th Cir. 1987).

[2]      *Thomas v. Capital Sec. Services, Inc.*, 812 F.2d 984, 987 (5th Cir. 1987).  See, also, *Ratliff v. Stewart*, 508 F.3d 225, 231 (5th Cir. 2007); *Knighton v. Watkins*, 616 F.2d 795, 797 (5th Cir. 1980).

-4-

contention that its claim is a collateral one – and a contract containing an indemnity clause such as that in the contract under which Sea Robin now seeks to collect – which is a separate contractual claim that should have been litigated in the main demand.

In *Engel v. Teleprompter Corp.*,[3] a case relied upon by Sea Robin, there was an explicit contractual provision entitling the prevailing party to an award of attorneys' fees, and the court found that attorneys' fees were properly awarded.  In this case, however, the contractual provision that Sea Robin is relying upon is much different.  Medco argues that Sea Robin's contractual claim is a claim for special damages that must be specifically pleaded as a counterclaim and resolved at trial because it requires interpretation and factual findings apart from those presented and resolved in the underlying lawsuit.  However, the case relied upon by Medco also states that "at a jurisdictional level, the district court is not precluded from ruling on the attorneys' fees issue."[4]  Therefore, while there may be a procedural defect in that Sea Robin failed to properly assert its attorneys' fee claim, the undersigned is unable to find that the district court lacks jurisdiction to hear the motion now before it.

---

[3]      732 F.2d 1238 (5th Cir. 1984).

[4]      *United Industries, Inc. v. Simon-Hartley, Ltd*. 91 F.3d 762, 764 (5th Cir. 1996).

B.    <u>**PREMATURITY**</u>

The second question to be considered is whether the pending motion is premature in light of the plaintiff's appeal of the judgment that resolved its claims. Sea Robin is entitled to recover attorneys' fees in this case only if Medco's appeal results in the appellate court confirming the district court's ruling in Sea Robin's favor.  If the appellate court reverses, Sea Robin would no longer be the prevailing party and would not be entitled to recover attorneys' fees.  Sea Robin "suggests that the most prudent course of action may be for the Court to defer ruling on the attorney's fee issue until after the appeal has been resolved."  (Rec. Doc. 120 at 10). Medco similarly argues that "the district court should not address the issue of awarding attorney fees until after appeal." (Rec. Doc. 119 at 6).  As explained in the next section of this ruling, however, the undersigned finds that Sea Robin is not entitled to recover attorneys' fees in this case.  Accordingly, there is no reason to defer this ruling until after the appeal is complete.

## C.   MERITS OF THE MOTION

Under the "American Rule," a successful litigant is generally unable to recoup from his opponent the attorneys' fees incurred during litigation.[5]  There is a strong presumption that a successful litigant is entitled to recoup certain costs, but there is no such presumption with regard to attorneys' fees.[6]  Instead, under Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure:

> A claim for attorney's fees. . . must be made by motion
> unless the substantive law requires those fees to be proved
> at trial as an element of damages.

In support of such a motion seeking the recovery of attorneys' fees, the movant must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."[7]  In this case, Sea Robin argues that there is a contractual basis for its attorneys' fee claim.

Sea Robin operated a messenger service, by which information concerning its offshore pipelines was transmitted by e-mail to those who subscribed to the messenger service.  In order to use the messenger system, Medco entered into a

---

[5]       See, e.g., *Alief Independent School Dist. v. C.C. ex rel. Kenneth C.*, 655 F.3d 412, 416 (5th Cir. 2011); *Barden Mississippi Gaming Ltd. Liability Corp. v. Great Northern Ins. Co.*, 638 F.3d 476, 479 (5th Cir. 2011); *Camacho v. Texas Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006).

[6]       *Manderson v. Chet Morrison Contractors, Inc.*, 666 F.3d 373, 384 (5th Cir. 2012); *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

[7]       Fed.R.Civ.P. 54(d)(B)(ii).

contract with Sea Robin referred to herein as "the Messenger Contract."  Some of the information that Medco relied upon in framing its contention that Sea Robin misrepresented the dates upon which it would restore service on its pipeline were delivered through the messenger system.  Accordingly, Sea Robin argues that Medco's claims against it are related to Medco's use of the messenger system, and Sea Robin seeks to enforce the indemnity provision set forth in the Messenger Contract.  The Messenger Contract states:

> Messenger Subscriber [Medco] agrees to protect, defend, indemnify, and hold Pipeline [Sea Robin] harmless against any and all loss, costs, damages, and expenses of any nature whatsoever (including court costs and reasonable attorney's fees), resulting from or otherwise related to any claim, demand, or action asserted against Pipeline [Sea Robin], arising from or in any manner directly or indirectly connected with Messenger Subscriber's [Medco's] use of the Messenger system except for negligence, bad faith, fraud or willful misconduct of Pipeline [Sea Robin].[8]

Sea Robin further argued in its supporting memorandum:  (1) that its claim for attorneys' fees is not subject to preemption because it is a contract claim rather than a tort claim; (2) that its claim for attorneys' fees is not precluded by the Filed Rate Doctrine; (3) that its claim for attorneys' fees is governed by Texas law; and (4) under Texas law, the indemnity provision of the Messenger Contract is enforceable with

---

[8]       Rec. Doc. 102-4 at 5.

-8-

regard to Sea Robin's claim for attorneys' fees.  In its reply memorandum,[9] however,

Sea Robin waived its arguments based on Texas law, conceding that Louisiana law

governs the interpretation of the Messenger Contract.[10]   Sea Robin then further

argued that the exception contained in the Messenger Contract's indemnity provision

does not apply because the district court's dismissal of Medco's claims precludes

proof of negligence, bad faith, fraud, or willful misconduct by Sea Robin, and the

exclusion is triggered only when negligence, bad faith, fraud, or willful misconduct

by Sea Robin is actually proven rather than merely alleged.

Medco counters that Sea Robin never asserted a claim arising under the

Messenger Contract during the litigation and argues that the plain language of the

Messenger Contract's indemnity provision excludes indemnity (including the

---

[9]     The undersigned notes that Sea Robin filed its reply brief without requesting leave
of court and failed to cure this deficiency despite being notified by the court and given an opportunity
to do so. Rec. Doc. 109.  Applying its discretion, however, the court will consider the argument set
forth in the reply brief.   The undersigned notes, however, that had the reply brief not been
considered, resolution of the issue before the court would have been similar since it is clear that Sea
Robin's argument (set forth in its original brief but abandoned in its reply brief) that the indemnity
provision set forth in the Messenger Contract was enforceable under Texas law was refuted by
Medco in its opposition brief, and Sea Robin's only chance at prevailing on its motion was to jettison
that unsuccessful argument and make a totally new argument in its reply brief.  This deprived Medco
of the opportunity to respond in writing to the new argument.  However, no responsive briefing by
Medco was necessary since Medco accurately and presciently argued in its opposition memorandum
that "the plain language of the clause on which Sea Robin relies expressly excludes
indemnity/attorney fees for the very types of claims asserted by Medco." (Rec. Doc. 107 at 4).  The
undersigned agrees.

[10]     Rec. Doc. 108 at 2 n. 1.

recovery of attorneys' fees) for the types of claims that were asserted by Medco in its complaint.   The undersigned finds that Medco's suggested interpretation of the Messenger Contract is correct.

Under Louisiana law, a contract must be interpreted in accordance with well-established rules.

> [W]hen a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law.   Interpretation of a contract is the determination of the common intent of the parties.   The reasonable intention of the parties to a contract is to be sought by examining the words of the contract itself, and not assumed.   When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. Common intent is determined, therefore, in accordance with the general, ordinary, plain and popular meaning of the words used in the contract. Accordingly, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties.   Most importantly, a contract must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance.[11]

---

[11]     *Prejean v. Guillory*, 2010-0740 (La. 07/02/10), 38 So.3d 274, 279 (internal quotation marks and citations omitted).

In this case, however, Sea Robin argues that, under Louisiana law, a court called upon to decide whether a contractual indemnity provision such as that set forth in the Messenger Contract must ignore the parties' allegations and enforce an exclusion for negligence or other tortious conduct only when it has been proven that the indemnitee was negligent.  In support of this proposition, Sea Robin cites *Star Enterprise v. American Mfrs. Mut. Ins. Co.*, 03-189 (La. App. 5 Cir. 05/28/03), 847 So.2d 717, *writ denied*, 2003-2218 (La. 11/14/03), 858 So.2d 435; *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238 (5th Cir. 1988); *Meloy v. Conoco, Inc.*, 817 F.2d 275 (5th Cir. 1987); and *Kerr v. Smith Petroleum Co.*, 896 F.Supp. 608 (E.D. La. 1995).

In *Meloy*, the court responded to certified questions from the Fifth Circuit Court of Appeals by saying:

> The allegations of the complaint against the indemnitee are irrelevant to the indemnitor's obligation to pay.  Rather, it is the terms of the indemnity agreement which govern the obligations of the parties.   However, indemnification agreements between oil companies and oilfield contractors are limited by the [Louisiana Oilfield Indemnity] Act.[12]

The court then went on to explain that the Louisiana Oilfield Indemnity Act ("LOIA"), La. R.S. 9:2780, prohibits indemnity when there is negligence or fault on

---

[12]        *Meloy v. Conoco, Inc.*, 817 F.2d 275, 280 (5th Cir. 1987).

the part of the indemnitee but does not apply when the indemnitee is not negligent or at fault.[13]

In *Melancon*, the issue presented was whether a contractual indemnity provision was invalidated by the LOIA.  Noting that the LOIA invalidates "any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, ***where there is negligence or fault (strict liability) on the part of the indemnitee***. . . ."[14] and following *Meloy,* the court found that the LOIA did not invalidate a contractual indemnity provision when there was no finding of negligence or fault against the indemnitee.[15]  The plain language of the LOIA states that a contractual indemnity agreement is invalidated "where there is negligence or fault. . . on the part of the indemnitee" or, in other words, when it has been proven that the indemnitee was negligent or otherwise at fault.  *Kerr v. Smith,* also cited by Sea Robin, is another case in which an indemnity agreement was not invalidated by the LOIA because there was no finding of fault as to the indemnitee.

The LOIA is not implicated in the instant case.  Therefore, the rule cited by Sea Robin as having been established in *Meloy* and applied in *Melancon* and *Kerr* is

---

[13]     *Id.*

[14]     La. R.S. 9:2780(A) (emphasis added).

[15]     *Melancon v. Amoco Prod. Co.*, 834 F.2d 1238, 1248 (5th Cir. 1988).

inapplicable in this case.  But another rule set forth in all of the cases cited by Sea Robin, which was not relied upon by Sea Robin in its briefing, is critical to the resolution of the issue now before this Court.  That rule states that the terms of an indemnity agreement govern the obligations of the parties.

This Court is called upon to determine whether, under the indemnity provision set forth in the Messenger Contract, Sea Robin is entitled to recover attorneys' fees from Medco now that the underlying litigation has been completed – except that the underlying litigation is not complete.  An appeal is underway.[16]  Accordingly, the possibility exists that the district court's ruling dismissing Medco's claims might be overturned.  If so, Sea Robin's argument that it is entitled to recover its attorneys' fees from Medco because there is no finding of negligence, bad faith, fraud, or willful misconduct by Sea Robin would evaporate.  Therefore, it is arguable that the existence of an appeal of the district court's ruling renders Sea Robin's motion premature.

However, Sea Robin's argument ignores a rule of interpretation set forth in *Meloy, Melancon,* and *Kerr* that permits this Court to decide the issue presented by Sea Robin at this time.  "[I]t is the terms of the indemnity agreement which govern

---

[16]     See Medco's notice of appeal.  Rec. Doc. 106.

-13-

the obligations of the parties."[17]  Or, as stated in *Star*, which was also cited by Sea Robin, "we look solely to the contract to determine whether the duty was owed."[18] These pronouncements incorporate the rules of contract interpretation set forth in the Louisiana Civil Code and in numerous decisions by the Louisiana Supreme Court.

As noted previously, the LOIA includes plain language invalidating indemnity provisions when there is proof of fault on the part of the indemnitee.  The indemnity provision at issue in *Star* was similar.  There, the contract stated that Fisher would indemnify Carter from all claims, demands, actions, or losses resulting or claimed to result from an alleged defect in Fisher's products.  But the contract stated that "Fisher shall not be obligated to protect, defend, indemnify or hold harmless" Carter "from and against any Losses arising from. . . [Carter's] negligent acts or omissions. . . ." Thus, that contract can only be interpreted as requiring indemnity when there is no proof that Carter was negligent.  As the court noted:

> The exclusionary provision. . . does not state that it will not defend Carter from "claims"  of negligent acts or omissions.  It says that it will not be responsible *for losses Carter sustains from its negligent acts or omissions*. Words in a contract have meaning.  In the prior paragraph, the words "claims, demands, and actions" are used

---

[17]    *Meloy*, 817 F.2d at 280.

[18]    *Star Enterprise v. American Mfrs. Mut. Ins. Co*., 03-189 (La. App. 5 Cir. 05/28/03), 847 So.2d 717, 722.

-14-

specifically.   They  are  conspicuously  absent  in  the exclusion."[19]

Based  on  that  language,  the  court  found  that  "the  parties  intended  to  provide indemnity  for  Carter  in  the  event  that  it  was  individually  sued  and  found  not negligent.[20]

The Messenger Contract is different.  It does not preclude indemnity only when there is proof of negligence or fault by the indemnitee.  Instead, it says:

> Messenger  Subscriber  [Medco]  agrees  to . . .  indemnify
> . . .  Pipeline  [Sea Robin] . . . against any and all loss . . .
> (including. . . reasonable attorney's fees), resulting from or
> otherwise related to any ***claim, demand, or action*** asserted
> against Pipeline [Sea Robin], arising from or in any manner
> directly  or  indirectly  connected  with  Messenger
> Subscriber's  [Medco's]  use  of  the  Messenger  system
> ***except  for  negligence,  bad  faith,  fraud  or  willful
> misconduct of Pipeline*** [Sea Robin].[21]

The clause "except for negligence, bad faith, fraud or willful misconduct of Pipeline" can only be interpreted as modifying the words "claim, demand, or action."  Thus, Medco agrees to indemnify Sea Robin against claims, demands, or actions that (1) are asserted against Sea Robin, (2) arise from the messenger system or are directly or indirectly connected to the messenger system, but (3) are not negligence, bad faith,

---

[19]     *Star*, 847 So.2d at 723 (emphasis in original).

[20]     *Star*, 847 So.2d at 723.

[21]     Rec. Doc. 102-4 at 5.

-15-

fraud, or willful misconduct claims against Sea Robin.  Unlike the language used in the LOIA or that used in the contract analyzed in the *Star* decision, the language used here excludes indemnity for certain types of claims, not for certain species of proven conduct.

That this interpretation is an accurate reflection of the parties' intent is confirmed by the provision's context in the Messenger Contract.  Two paragraphs earlier, in the same section of the contract, the contract reads as follows:

> Pipeline [Sea Robin] expressly disclaims any and all liability for damages to Messenger Subscriber [Medco], except for damages directly attributable to the negligence, bad faith, fraud or willful misconduct of Pipeline [Sea Robin]. . . .

Under that provision, Sea Robin is liable to Medco only if there is proof that Medco's damages were caused by Sea Robin's negligence, bad faith, fraud, or willful misconduct.  This illustrates the fact that, if it had actually been the parties' intent, Sea Robin could have drafted the indemnity provision of the Messenger Contract in a similar fashion and excluded indemnity only when Medco sustains damages that are directly attributable to Sea Robin's negligence, bad faith, fraud, or willful misconduct. Sea Robin's failure to draft the two cited paragraphs in a parallel fashion indicates that they there were intended to have different meanings.

-16-

Therefore, regardless of whether it is ever established that Medco's claims against Sea Robin are proven, the plain language used in the indemnity provision of the Messenger Contract precludes Sea Robin from recovering attorneys' fees from Medco.

## CONCLUSION

The undersigned finds that the district court retains jurisdiction over the pending motion.  The undersigned also finds that the plain language of the indemnity provision set forth in the Messenger Contract excludes indemnity for claims alleging Sea Robin's alleged negligence, bad faith, fraud, and willful misconduct.  The claims asserted by Medco against Sea Robin in the underlying litigation were such claims. Therefore, the Messenger Contract does not entitle Sea Robin to recover attorneys' fees from Medco for the claims asserted by Medco in the underlying litigation. Accordingly, Sea Robin's motion (Rec. Doc. 102) is DENIED.

Having decided that Sea Robin is not entitled to recover attorneys' fees, it is unnecessary for Sea Robin to document the attorneys' fees it seeks to recover. Accordingly, Sea Robin's motion for protective order, for submission of its documentation *in camera* and under seal, and for extension of the time to file its

documentation (Rec. Doc. 103) is DENIED AS MOOT.

Signed at Lafayette, Louisiana, this 14th day of November 2012.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-18-